## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOHN SMALLMAN, *et al.*,  )
　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　)　　Case No.: 2:20-cv-00376-GMN-NJK
　vs.　　　　　　　　　　　　)
　　　　　　　　　　　　　　) **ORDER**
MGM RESORTS INTERNATIONAL, )
　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　)
　　　　　　　　　　　　　　)

Pending before the Court is Plaintiffs Ryan Bohlim, Larry Lawter, John Smallman, Dolores Scott, Julie Mutsko, Victor Wukovits, and Kerri Shapiro's ("Smallman Plaintiffs'") Motion for Appointment of Interim Class Counsel, (ECF No. 67).

Also Pending before the Court is Plaintiffs Jeffrey Scott Cameron, Kevin V. Horne, and Bryan Khalilirad's ("Cameron Plaintiffs'") Motion for Appointment of Interim Class Counsel, (ECF No. 68).

For the reasons discussed below, the Court **GRANTS** the Smallman Plaintiffs' Motion for Appointment of Interim Class Counsel and **DENIES** the Cameron Plaintiffs' Motion.

## I.　BACKGROUND

This case arises out of a data breach announced by Defendant MGM Resorts International ("MGM") indicating that the personally identifiable information of MGM's customers was stolen. (Compl. ¶¶ 1–10, ECF No. 1). Plaintiffs filed seven separate class action complaints in this District, alleging similar claims, such as negligence, breach of contract, and unjust enrichment, as well as violations of state consumer protection laws.[1] On March 30,

---

[1] *Smallman v. MGM Resorts Int'l*, case number 2:20-cv-00376-JAD-NJK, was the first class action, filed on February 21, 2020; *Horne v. MGM Resorted Int'l*, case number 2:20-cv-00402-KJD-DJA, was filed on February

2020, the Court granted the parties' stipulation to consolidate the separate cases into this prospective class action. (*See* Order, ECF No. 22).[2] Pursuant to Federal Rule of Civil Procedure 23(g)(3), the Smallman Plaintiffs and the Cameron Plaintiffs now both move to appoint interim class counsel, pending class certification, to submit a consolidated complaint and conduct pretrial proceedings. (*See generally* Smallman Mot. Interim Counsel ("Smallman Mot."), ECF No. 67); (Cameron Mot. Interim Counsel ("Cameron Mot."), ECF No. 68). (*See also* Order 2:1–6, ECF No. 61).

## II.   LEGAL STANDARD

"The court may designate interim class counsel to act on behalf of a putative class before determining whether to certify the action as a class action" when it is "necessary to protect the interests" of class members. Fed. R. Civ. P. 23(g)(3); Manual for Complex Litigation (Fourth) § 21.11 (2004).  This typically occurs in cases where "a large number of putative class actions have been consolidated or otherwise are pending in a single court." *In re Nest Labs Litigation*, No. 14-cv-01363-BLF, 2014 WL 12878556, at *1 (C.D. Cal. Aug. 18, 2014) (citing *Donaldson v. Pharmacia Pension Plan,* No. CIV. 06-3-GPM, 2006 WL 1308582, at *1–2 (S.D. Ill. May 10, 2006).  Further, when there is competition between law firms to represent the class, designation of interim class counsel is appropriate. *See Parish v. Nat'l Football League Players, Inc.*, No. C 07-00943 WHA, 2007 WL 1624601, at *9 (N.D. Cal. June 4, 2007) (declining to designate interim class counsel without a "gaggle of law firms jockeying to be appointed").

---

26, 2020; *Cameron v. MGM Resorts Int'l*, case number 2:20-cv-00429-JCM-DJA, was filed on February 28, 2020; *Brodsky v. MGM Resorts Int'l*, case number 2:20-cv-00486-GMN-NJK, was filed on March 9, 2020; *Lawter v. MGM Resorts Int'l*, case number 2:20-cv-00529-RFB-EJY, was filed on March 13, 2020; *Scott v. MGM Resorts Int'l*, case number 2:20-cv-00522-JAD-NJK, was filed on March 13, 2020; and *Breen v. MGM Resorts Int'l*, case number 2:20-cv-00541-APG-NJK, was filed on March 17, 2020. (*See* Order 3:1–16, ECF No. 22).

[2] On July 21, 2020, the Court consolidated two additional related case numbers: 2:20-cv-00744-JAD-NJK and 2:20-cv-00749-GMN-NJK. (Order, ECF No. 86).

Federal Rule of Civil Procedure 23(g)(1)(A) sets out the considerations that courts must weigh when appointing class counsel once a class has been certified, which courts also apply to the appointment of interim class counsel prior to class certification. *See, e.g.*, *Wright v. Jacob Transp., LLC*, No. 2:15-cv-00056-JAD-GEF, 2015 WL 3916001, at *3 (D. Nev. June 24, 2015) (citing *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y.2006)). Accordingly, courts must consider four factors when appointing interim class counsel:

(1) the work counsel has done in identifying or investigating potential claims in the action;

(2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(3) counsel's knowledge of the applicable law; and

(4) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Additionally, courts "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

### III. DISCUSSION

In the present case, appointing interim class counsel is appropriate; this is a consolidated action and two teams of attorneys are competing to represent the putative class. *See Nest Labs*, 2014 WL 12878556, at *1; *Parish*, 2007 WL 1624601, at *9. Accordingly, the Court finds that it is necessary to appoint interim class counsel to protect the interests of the class.

The Smallman Plaintiffs ask the Court to appoint John A. Yanchunis of Morgan & Morgan; Douglas J. McNamara of Cohen Milstein Sellers & Toll, PLLC; David M. Berger of Gibbs Law Group LLP; and E. Michelle Drake of Berger Montague PC as co-lead interim class counsel, with Miles Clark of Knepper & Clark LLC and Don Springmeyer of Wolf, Rifkin,

Shapiro, Schulman & Rabkin, LLP as co-liaison counsel (collectively, "Morgan Cohen"). (Smallman Mot. 24:15–18). The Cameron Plaintiffs request the appointment of Katrina Carroll of Carlson Lynch LLP; Erin Comite of Scott+Scott Attorneys at Law LLP; and Christian Levis of Lowey Dannenberg, P.C. as co-lead interim class counsel, with Jennifer Fornetti of The Bourassa Law Group as liaison counsel (collectively, "Carlson Scott"). (Cameron Mot. 24:6–13).

The Morgan Cohen team is comprised of attorneys who have "had leadership roles in virtually every major consumer data breach case litigated to date." (Smallman Mot. 1:12–13). Likewise, the Carlson Scott team brings "complementary knowledge of managing complex class action cases and experiences regarding data breaches and the protection of consumer privacy." (Cameron Mot. 5:3–6). Both Morgan Cohen and Carlson Scott have secured millions of dollars in settlements for class action and data breach cases. (*See generally* Smallman Mot., ECF No. 67); (Cameron Mot., ECF No. 68). After reviewing the application materials from both teams, including the resumes of the individual attorneys, as well as the track records of their respective firms, it is clear to the Court that both the Morgan Cohen and Carlson Scott teams have the knowledge, experience, and resources required to litigate this case.

To set themselves apart, the Cameron Plaintiffs stress the importance of diversity in court-appointed leadership structures to avoid the "repeat player dynamic" and encourage "fresh outlooks and innovative ideas." (Cameron Mot. 1:19–2:6 (citing *Standards and Best Practices for Large and Mass-Tort MDLs* at 46, 58 (1st ed., Dec. 19, 2014)). *See also In re Robinhood Outage Litigation*, No., 2020 WL 7330596, at *2 (N.D. Cal. July 14, 2020) (declining to appoint interim class counsel because the Court was "concerned about the lack of diversity in the proposed lead counsel"). Carlson Scott argues that its team, which is comprised of two female lead attorneys and young partners, reflects a diversity of gender, age, and experience, making it better suited to represent what is surely a diverse class. (*Id.* 3:1–3, 19:9–

10:8).  However, the Morgan Cohen team does not lack diversity of gender, age, or experience; it includes a female lead attorney, first-time lead attorneys, and a young partner, as well as attorneys with over twenty years of class action experience.[3]  As such, the Court is confident that the selection of either team will adequately represent a diverse putative class.

Clearly both teams of attorneys are more than qualified to handle this action; each has the knowledge, experience, and resources needed to pursue this litigation.  However, the Court notes that the Cameron Plaintiffs' Motion neglected to discuss one of the four factors courts must consider when appointing interim class counsel: the work that Carlson Scott has done in identifying and investigating potential claims for this action. *See* Fed. R. Civ. P. 23(g)(1). While the Court's own initiative revealed that Carlson Scott's attorneys filed detailed Complaints in their respective originating cases, the failure to address an essential factor of a prescribed balancing test is an oversight indicating to the Court that Carlson Scott would not be best suited to advocate for the interests of the putative class.  Moreover, because the first Plaintiff to file suit was John Smallman, represented by John A. Yanchunis, it would be appropriate to assign Morgan Cohen as co-lead counsel. *See, e.g.*, *Biondi v. Scrushy*, 820 A.2d 1148, 1159 (Del. Ch. 2003) (noting that courts will consider which action was filed first for lead counsel purpose where "there is a need for an objective tie-breaker").  Accordingly, the Court finds that Morgan Cohen would best be able to represent the interests of the putative class, and thus grants the Smallman Plaintiffs' Motion.

//

//

//

---

[3] "One of the proposed co-leads, E. Michelle Drake is a highly accomplished female attorney;" "Douglas McNamara and David Berger have worked actively on numerous data breach and complex cases, but have not themselves ever served as Lead or Co-Lead counsel;" "Miles Clark is a young lawyer (age 39);" and John Yanchunis and Don Springmeyer each have over twenty years of experience in class action cases. (Resp. 2:19–20, 3:9–11, 3:14 –15, ECF No. 85).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Smallman Plaintiffs' Motion for Appointment of Interim Class Counsel, (ECF No. 67), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Cameron Plaintiffs' Motion for Appointment of Interim Class Counsel, (ECF No. 68), is **DENIED**.

**IT IS FURTHER ORDERED** that the Cameron Plaintiffs' Motions for Leave to File Supplemental Authority, (ECF Nos. 75, 84), are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a consolidated complaint within sixty (60) days of this Order.

**DATED** this __1__ day of February, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court