# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: MGM RESORTS INTERNATIONAL DATA BREACH LITIGATION | Case No. 2:20-cv-00376-GMN-NJK<br><br>**Order**<br><br>[Docket No. 156] |

Pending before the Court is Plaintiffs' motion regarding a discovery dispute. Docket No. 156. Defendants filed a response in opposition. Docket No. 158. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

The dispute in question relates to the procedures for motion practice regarding a privilege challenge for documents that have been clawed back. *See* Docket No. 156 at 3. There is currently no such scenario before the Court, but rather the parties seek to iron out procedures in their stipulated protective order in the unlikely event such a challenge arises in the future.[1] In seeking judicial intervention now, Defendants cite to an unpublished decision from the Northern District of California in which the magistrate judge issued a detailed ruling given that the parties could not agree in a stipulated protective order on this procedure as to future motion practice. *See in re Google RTB Consumer Privacy Litig.*, 2022 WL 1316586 (N.D. Cal. May 3, 2022). Other courts have addressed this issue after there has been a clawback request and there is a live dispute as to how the subject information can be used in briefing a privilege challenge. *See, e.g.*, *Stinson v. City of New York*, 2014 WL 5090031, at *1-2 (S.D.N.Y. Oct. 10, 2014). That is the better approach. At bottom, parties should rarely seek judicial resolution of discovery disputes and should do so "only in extraordinary situations that implicate truly significant interests." *Cardoza v. Bloomin'*

---

[1] In this Court's experience, such motion practice is very uncommon.

*Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *in re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985)).  Courts should also avoid addressing hypothetical issues that may never arise. *See, e.g.*, *Flast v. Cohen*, 392 U.S. 83, 96 (1968). Such restraint is particularly warranted when, as is the case here, there is no controlling legal authority and a split in the sparce case law that exists. *See Google RTB*, 2022 WL 1316586, at *2.  In short, the Court is not persuaded that it should wade into this dispute regarding hypothetical future motion practice that is unlikely to ever be filed.

Accordingly, the motion is **DENIED** without prejudice. The parties must file their stipulated protective order by April 7, 2023.  That stipulated protective order must indicate that the parties will confer on this clawback issue in the event it ever becomes pertinent to the case.

IT IS SO ORDERED.

Dated: March 31, 2023

_____
Nancy J. Koppe
United States Magistrate Judge