Don Springmeyer, Esq. (NBN 1021)
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Tel: (702) 385-6000
Email: d.springmeyer@kempjones.com

Miles N. Clark, Esq. (NBN 13848)
LAW OFFICES OF MILES N. CLARK, LLC
5510 S. Fort Apache Rd., Suite 30
Las Vegas, Nevada 89148-7700
Tel: (702) 856-7430
Email: miles@milesclarklaw.com

*Co-Liasion Counsel for Plaintiffs and the Class*

*(Additional Counsel on Signature Page)*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: MGM Resorts International Data Breach Litigation<br><br>This Document Relates To: All actions. | Master File No.: 2:20-cv-00376-GMN-NJK<br><br>**NOTICE OF RELATED CASES PURSUANT TO LOCAL RULE 42.1**<br><br>**RELATED CASE NOS.:**<br>**2:23-CV-01981-RFB-EJY**<br>**2:23-CV-02042-ART-BNW**<br>**2:23-CV-02064-APG-DJA** |

Plaintiffs Ryan Bohlim, Duke Hwynn, Andrew Sedaghtpour, Gennady Simkin, Robert Taylor, Michael Fossett, Victor Wukovits, Kerri Shapiro, Julie Mutsko, John Dvorak, Larry Lawter, individually and on behalf of those similarly situated (collectively, "Plaintiffs") hereby file this Notice of Related Cases. This Notice supplements the Notice of Related Cases previously filed on December 6, 2023.

**I.     Title and Case Number of Each Possibly Related Action:**

- *Albrigo v. MGM Resorts International*, 2:23-cv-01981-RFB-EJY, filed November 30, 2023
- *Sloan v. VICI Properties Inc., et al.*, No. 2:23-cv-02042-ART-BNW, filed December 9, 2023
- *Righetti v. MGM Resorts International*, No. 2:23-cv-02064-APG-DJA, filed December 14, 2023

1

**II.     These Cases Should Be Related to *In re: MGM Resorts International Data Breach Litigation*.**

Together with the ten cases identified in the Notice filed on December 6, 2023, these three cases should also be related to the ongoing litigation captioned *In re: MGM Resorts International Data Breach Litigation*, No. 2:20-CV-00376-GMN-NJK ("*In re: MGM Data Breach*") because they involve the same claims based on similar facts being alleged against the same Defendant on behalf of substantially overlapping putative classes. *See* Notice, *In re: MGM Data Breach*, Dkt. No. 183 (December 6, 2023).

As detailed in the previously filed Notice, in 2020, Judge Navarro appointed the undersigned as Co-Lead Counsel and Co-Liasion Counsel in six consolidated class actions brought against MGM Resorts International by individuals whose information was compromised in MGM's massive 2019 data breach. *See* Order, *In re: MGM Data Breach*, Dkt. No. 93 (February 1, 2021). Since then, the parties have briefed MGM's Motion to Dismiss, which the Court granted in part and denied in part in a detailed 43-page Order. *See Id.*, Dkt. No. 128 (Nov. 2, 2022). The parties are now in the middle of fact discovery and about to begin depositions.

Just like the cases identified in the previously filed Notice, these three cases assert similar claims against MGM related to a data breach that the company announced in September 2023. They involve the same defendant, substantially similar factual questions, and appear to involve a largely overlapping proposed classes as *In re: MGM Data Breach*. In particular, MGM notified many affected consumers that the personal information obtained in the 2023 breach belonged to customers who transacted with MGM prior to March 2019, which means the class members in the 2023 Data Breach Cases are substantially the same people whose claims already are being litigated in *In re: MGM Data Breach*. In addition, both the 2019 and 2023 data breaches resulted in the compromise of the same types of personal information. Thus, many of the legal and factual questions at issue in the cases are overlapping, such that assignment to a single district judge will promote judicial efficiency and prevent inconsistent results. The newly-filed cases assert the same or substantially similar claims against MGM as in the 2019 data breach case.

Assigning these cases to different judges also would risk inconsistent judgments. For example, in the present case, Judge Navarro has already ruled on issues like whether the economic loss doctrine bars Plaintiffs' negligence claim (finding that it does not) and whether Plaintiffs' damages theories concerning the benefit of the bargain and the diminution of value of PII are legally cognizable (finding in favor of Plaintiffs on both theories). *See Smallman v. MGM Resorts International*, 638 F. Supp. 3d 1175, 1188, 1190-91 (D. Nev. 2022). Unsurprisingly, plaintiffs in the newly-filed cases also make negligence claims and assert damages theories that are very similar to those in *In re: MGM Data Breach*. There is, therefore, a significant risk of inefficient and inconsistent judgments should different judges be assigned and reach varying conclusions on the same issues in litigation involving the same Defendant.

MGM filed a document styled as a "Response" in opposition to Plaintiffs' Notice, but conspicuously did not respond to the argument that all of these actions involve substantially the same class members. *See* Response, *In re: MGM Data Breach*, Dkt. No. 184 (December 8, 2023). The *In re: MGM Data Breach* plaintiffs have served MGM with discovery concerning the overlap between the two data breaches and the affected class members and MGM has yet to provide any substantive response. While the undersigned are only moving to relate these cases at this time, it may, depending on the facts, be extraordinarily inefficient to appoint separate counsel to represent substantially the same class members on nearly identical legal and factual claims.

Given the similar questions of law and fact between those actions and this case, the strong likelihood of significant overlap between the class members, and the substantial progress in *In re: MGM Data Breach*, relating these actions would be far more efficient than keeping them separate.

DATED this 20th day of December, 2023.

Respectfully submitted,

KEMP JONES, LLP
*/s/ Don Springmeyer*
Don Springmeyer, Esq. (NBN 1021)
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169

Miles N. Clark, Esq. (NBN 13848)
LAW OFFICES OF MILES N. CLARK, LLC
5510 S. Fort Apache Rd., Suite 30
Las Vegas, Nevada 89148-7700

*Co-Liaison Counsel for Plaintiffs and the Class*

David M. Berger (*pro hac vice*)
Eric H. Gibbs (*pro hac vice*)
GIBBS LAW GROUP, LLP
1111 Broadway, Suite 2100
Oakland, California 94607

Michael Dell'Angelo (*pro hac vice*)
Reginald Streater (*pro hac vice forthcoming*)
Mark DeSanto (*pro hac vice forthcoming*)
BERGER MONTAGUE, PC
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

Douglas J. McNamara (*pro hac vice*)
Karina G. Puttieva (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., 5th Floor
Washington, D.C. 20005

Claire L. Torchiana (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
88 Pine Street, 14th Fl.
New York, New York 10005

E. Michelle Drake (*pro hac vice*)
BERGER MONTAGUE, PC
1229 Tyler Street NE, Suite 205
Minneapolis, Minnesota 55413

John A. Yanchunis (*pro hac vice*)
Jean S. Martin (*pro hac vice*)
Marcio Valladares (*pro hac vice*)
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602

*Co-Lead Counsel for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of December, 2023, and pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing **NOTICE OF RELATED CASES PURSUANT TO LOCAL RULE 42.1** was served via the U.S. District Court's electronic filing system on all individuals entitled to receive service thereto.

 /s/ Pamela McAfee
An employee of Kemp Jones, LLP