UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: MGM RESORTS INTERNATIONAL DATA BREACH LITIGATION | Case No.: 2:20-cv-000376-GMN-NJK <br><br> **ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL** |

Pending before the Court is the Motion for Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(2), (ECF No. 191), filed by Plaintiffs Ryan Bohlim, Duke Hwynn, Andrew Sedaghatpour, Gennady Simkin, Robert Taylor, Michael Fossett, Victor Wukovits, Kerri Shapiro, Julie Mutsko, and Larry Lawter ("Plaintiffs") requesting that the Court dismiss the claims of William Fossett, Andrew Sedaghatpour, and Julie Mutsko ("Moving Plaintiffs") without prejudice. Defendant MGM Resorts International filed a Response, (ECF No. 198), to which Plaintiffs filed a Reply, (ECF No. 199).

For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion for Voluntary Dismissal and dismisses the Moving Plaintiffs without prejudice and without conditions. The claims of the remaining Plaintiffs and the putative class will continue.

I. **BACKGROUND**

This case arises from a data breach of MGM's network in which hackers downloaded the personally identifiable information ("PII") of MGM's guests worldwide. (Consolidated Class Action Complaint ("CAC") ¶¶ 1, 29, ECF No. 101). Plaintiffs are a consolidated class action of consumers whose PII was stolen in the Data Breach. (*Id.*). Specifically, hackers allegedly accessed Plaintiffs' names, addresses, phone numbers, email addresses, driver's license numbers, passport numbers, military identification numbers, and dates of birth. (*Id.* ¶¶ 2, 29).

///

Moving Plaintiffs have been parties to this case since April 2021. (*See generally id.*). In April 2023, MGM propounded one set of document requests on Plaintiffs. (Jason Kim Decl. ¶ 2, Ex. 1 to Resp., ECF No. 198-1). According to MGM, in June 2023, Moving Plaintiffs served responses stating they would produce responsive documents. (*Id.*). To date, however, MGM avers that Moving Plaintiffs have not produced any responsive documents. (*Id.*).

In October 2023, Plaintiffs' counsel contacted MGM requesting a stipulation for the voluntary dismissal of Moving Plaintiffs' claims. (*See generally* First Email Exchange, Ex. A to Resp., ECF No. 198-2). The following month, MGM's counsel informed Plaintiffs that it would be willing to stipulate to the dismissal of Moving Plaintiffs on the condition that they produce the responsive materials to MGM's document requests that had already been collected by Plaintiffs' counsel. (*See generally* Second Email Exchange, Ex. B to Resp., ECF No. 198-3). By December 2023, the parties reached an impasse, as Plaintiffs' counsel disputed the reasonableness and necessity of MGM's condition of dismissal. (Jason Kim Decl. ¶ 10, Ex. 1 to Resp.); (Third Email Exchange, Ex. C to Resp., ECF No. 198-3). Plaintiffs then filed the instant Motion for Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(2), seeking the unconditional dismissal of the Moving Plaintiffs.

## II. LEGAL STANDARD

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), after an opposing party has served an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In resolving a motion under Rule 41(a)(2), the Court must make three determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. S*ee id.*; *Williams v. Peralta Cnty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005).

///

## III. DISCUSSION

MGM does not oppose the dismissal of the Moving Plaintiffs without prejudice. (Resp. 5:21–22, ECF No. 198). "Rather MGM opposes Moving Plaintiffs' dismissal free from any conditions." (*Id.* 5:23). Specifically, "MGM seeks only those responsive documents that Moving Plaintiffs provided to their lawyers already." (*Id.* 5:16–18). Accordingly, the Court's inquiry is limited to whether Moving Plaintiffs' dismissal should be with or without conditions.

"A court may, but need not, condition a Rule 41(a)(2) dismissal on a plaintiff's deposition or production of discovery." *Sherman v. Yahoo! Inc.*, No. 13-cv-0041, 2015 WL 473270, at *7 (S.D. Cal. Feb. 5, 2015). "What conditions, if any, should be imposed necessarily turns on careful consideration of the particular circumstances in each case." *Solano v. Kroger Co.*, No. 3:18-cv-01488, 2022 WL 3143352, at *4 (D. Or. May 3, 2022).

MGM argues that the circumstances warrant imposition of conditional dismissal because unconditional dismiss will deprive it "of the opportunity to test Moving Plaintiffs" claims in relation to the claims of other named (and unnamed plaintiffs)" directly "hamper[ing] MGM's ability to obtain evidence relevant, at a minimum, to commonality, predominance, and typicality." (Resp. 5:2–5). In support of its argument, MGM relies on several district court cases within the Ninth Circuit that conditioned dismissal on the withdrawing plaintiff responding to outstanding discovery requests, including *Dysthe v. Basic Research, LLC*, 273 F.R.D. 625, 627 (C.D. Cal. 2011), *Fraley v. Facebook Inc.*, No. 11-cv-1726, 2012 WL 555071, at *1 (N.D. Cal. Feb. 21, 2012), and *Opperman v. Path, Inc.*, No. 13-cv-00453, 2015 WL 9311888 (N.D. Cal. Dec. 22, 2015). (*Id.* 5:5–15). The Court examines each case in turn.

In *Dysthe*, one of the four named plaintiffs, Eric Hall, filed a motion to voluntarily dismiss his claims without prejudice. *Dysthe*, 273 F.R.D. at 627. In advance of the hearing on Hall's motion to voluntarily dismiss, the magistrate judge granted the defendants' request to depose him. *Id.* The defendants then sought a court order compelling Hall to appear for his

deposition, which Hall contested based on his pending motion to voluntarily dismiss his claims. *Id.* Defendants argued they were entitled to take Hall's deposition despite his attempt to dismiss his claims because he had been a named plaintiff since the beginning of the case, the deposition was properly noticed before Hall indicated he wanted to dismiss his claims, and his testimony was expected to be relevant to issues pertaining to class certification. *Id.* at 627–628. The district court agreed, determining that since Hall was a named plaintiff who had not yet been dismissed, he was still subject to the discovery rules. *Id.* at 628. The court further explained that Hall's deposition was necessary because his claims were based on facts and experiences "unlikely to be available from other representative parties" and "therefore [were] likely to be relevant to class certification issues." *Id.* at 629. Accordingly, the *Dysthe* court found that defendants were entitled to take Hall's deposition.

The decision in *Dysthe* was cited and followed in *Fraley*. There, Angel Fraley, a named plaintiff in the original lawsuit, sought to be removed as a class plaintiff after her deposition was scheduled. *Fraley*, 2012 WL 555071, at *1. Defendant Facebook agreed to the withdrawal of Fraley on the condition that Fraley submit to her deposition. *Id.* In response, plaintiffs filed a motion for protective order to prevent Facebook from taking Fraley's deposition. *Id.* Facebook argued that Fraley's deposition was necessary because her testimony "[was] critical to its preparation for the class certification hearing, [since] her allegations present certain issues that may be unique among the other named plaintiffs." *Id.* at *2. The Court agreed with Facebook's arguments and found that "Fraley's legitimate desire to protect her privacy does not outweigh the relevance or propriety of Facebook proceeding to take Fraley's deposition. As Fraley herself notes in her declaration, by agreeing to be a class representative, she understood that she would have to participate in discovery and provide testimony." *Id.* at *3. Accordingly, the *Fraley* court found Facebook was entitled to Fraley's deposition.

///

Finally, in *Opperman*, one of 14 named plaintiffs, Theda Sandiford, sought to dismiss all her claims, and argued the defendants were not entitled to any discovery as a result. 2015 WL 9311888, at *1. Sandiford had been served with discovery requests before notifying the defendants of her intention to withdraw as a named plaintiff. *Id.* The defendants opposed Sandiford's unconditional dismissal and requested that she be required to respond to previously propounded written discovery requests and sit for a then unnoticed deposition. *Id.* at *3. In response, Sandiford argued these conditions were unnecessary because although the facts underlying her claims contained some differences compared to other class members, they did not fundamentally vary from the other plaintiffs who would remain in the lawsuit. *Id.* Rejecting Sandiford's argument, the court concluded that discovery responses from Sandiford may be "relevant to class certification issues, such as commonality, predominance, and typicality." *Id.* at *3. However, the court did not condition dismissal on a deposition because no deposition had been noticed and the court would not "condition a plaintiff's dismissal on responding to potential or hypothetical discovery." *Id.* at *4.

Two principles can be drawn from these cases. First, after discovery requests are propounded, plaintiffs "generally should not be permitted to escape their discovery obligations by moving to withdraw." *Solano*, 2022 WL 3143352, at *4. *Dysthe* and *Fraley* demonstrate this principle in the context of an already noticed deposition, *see Roberts v. Electrolux Home Products, Inc.*, No. 12-cv-1644, 2013 WL 4239050, at *3 (C.D. Cal. Aug. 14, 2013) (reasoning that *Dysthe* and *Fraley* "stand for the proposition that a named plaintiff cannot avoid the obligation to sit" for an already noticed deposition "merely by filing a request to withdraw"), whereas *Opperman*, in turn, applies this principle to outstanding written discovery requests. *See Corbett v. Pharmacare U.S., Inc.*, No. 21-cv-137, 2022 WL 2835847, at *7 (S.D. Cal. July 20, 2022) (citing *Opperman* and conditioning a named plaintiff's voluntary dismissal on her responding to outstanding written discovery requests because her claim was "relevant to issues

on class certification, particularly as to the Massachusetts subclass"). Practically, this makes sense. When an individual agrees to participate in a case in a representative capacity, they should be aware that they "are expected to respond to discovery requests at some point in the proceedings." *Burnett v. Ford Motor Co.,* No. 3:13-cv-14207, 2015 WL 3540886, at *2 (S.D.W.Va. June 4, 2015). Second, *Opperman* demonstrates that a plaintiff's dismissal should not be conditioned on "potential or hypothetical discovery." *Opperman*, 2015 WL 9311888, at *4. Put differently, although a plaintiff should be aware they are expected to respond to some discovery by becoming a named plaintiff, this obligation is not without limits, especially when the plaintiff seeks to voluntarily dismiss their claims.

These two principles work in tandem to balance the competing interests underlying a conditional dismissal. Specifically, conditional dismissals are designed to prevent unfair prejudice to defendants who are deprived of additional discovery without coercing a plaintiff to litigate a case they no longer wish to. *See In re FEMA Trailer Formaldahyde Prod. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010) ("The purpose of authorizing the court to place conditions on a voluntary dismissal is to prevent unfair prejudice to the other side in the case."); *In re Tezos Sec. Litig.*, No. 17-cv-06779-RS, 2019 WL 2183448, at *2 (N.D. Cal. Apr. 8, 2019) (noting a plaintiff "should not be compelled to litigate if [the plaintiff] doesn't wish to.") (internal citations omitted). Conditioning a plaintiff's dismissal on existing discovery requests potentially mitigates the risk of prejudice to a defendant while limiting the burden placed on a plaintiff who no longer wishes to participate in an action.

Applying only these principles, the circumstances of this case would militate a finding that the Moving Plaintiffs should be conditionally dismissed. MGM made the written discovery requests several months before the Moving Plaintiffs disclosed their desire to voluntarily dismiss their claims. (*See generally* First Email Exchange, Ex. A to Resp.); (Jason Kim Decl. ¶ 2, Ex. 1 to Resp.). These cases show that after discovery requests are propounded,

plaintiffs "generally should not be permitted to escape their discovery obligations by moving to withdraw." *Solano*, 2022 WL 3143352, at *4.

Nevertheless, the Court finds that the competing interests underlying conditional dismissal warrants consideration of another factor: whether the voluntary dismissing plaintiffs claims were predicated on specialized issues or facts, such that the discovery underlying these claims could not be obtained from other class representative or absent class members.  For example, in *In re Navistar MaxxForce Engines Mktg., Sales Practices, and Products Liability Litigation* ("*Navistar*"), the defendants contended that several plaintiffs who moved to voluntarily dismiss their claims should be "required to respond to the outstanding discovery requests for equitable reasons" because they had information which would preclude class certification. No. 14-cv-10318, 2018 WL 316369, at *3 (N.D. Ill. Jan. 4, 2018).  But the defendant could "not explain, beyond conclusory assertions," why the requested discovery was necessary given that different plaintiffs would continue to represent the class. *Id.* at *4.  Absent some specific explanation about how the defendants would be prejudiced at the certification stage without discovery from individuals who would soon be absent class members, the court refused to condition dismissal on that discovery. *Id.*

Like the *Navistar* court, other district courts have examined whether the plaintiffs seeking voluntary dismissal had specific individualized issues unique among the other named plaintiffs, directly lending their discovery responses to class certification question. *See e.g.*, *Solano*, 2022 WL 3143352, at *4 (declining to impose conditions on dismissal where the information the defendant sought to compel "may be obtained from other sources or is not relevant to the class certification issues"); *Click v. General Motors, LLC*, No. 2:18-cv-455, 2021 WL 3634695, at *5 (S.D. Tex. Mar. 23, 2021) ("GM"s suggestion that Click owns a class vehicle that may give clues regarding commonality and typicality of the class claims is insufficient to distinguish Click from any other class representative or absent class member.").

Furthermore, it bears noting that the *Dysthe*, *Fraley*, and *Opperman* courts each observed that the plaintiff seeking voluntary dismissal had information unique among the class representatives. *Dysthe*, 273 F.R.D. at 627; *Fraley*, 2012 WL 555071, at *2; *Opperman*, 2015 WL 9311888, at *3.

Here, MGM broadly contends that the documents it requests "are relevant to both class certification issues and the merits of the putative class members' claims in this action." (Resp. 2:24–26). And it further argues that it needs these documents to "debunk" Plaintiffs claims that their sensitive PII was compromised in the data breach, as MGM maintains only "limited [] 'phonebook'-type data" was taken. (*Id.* 7:4–8). These generalized averments do not demonstrate that the Moving Plaintiffs are uniquely situated. It is unclear why MGM cannot obtain discovery demonstrating the type of PII that was taken from the remaining seven class representatives and future absent class members. At bottom, MGM seeks discovery of facts and issues common to all class members. Because dismissal of the Moving Plaintiffs would not deprive MGM of discovery on uniquely situated class members, the Court finds that MGM would not be unfairly prejudiced by the unconditional withdrawal of the Moving Plaintiffs. *In re FEMA Trailer Formaldahyde Prod. Liab. Litig.*, 628 F.3d at 162.

In sum, the Court finds that whether a plaintiffs' voluntary dismissal should be conditioned on responding to discovery raises two questions. First, was the propounded discovery requested before or after the plaintiffs indicated their intent to withdraw. If it was issued before, the next question concerns whether the nonmoving party would be unfairly prejudiced by the unconditional withdrawal because the withdrawing plaintiffs are uniquely situated—thereby having discovery on issues and facts not common to the remaining plaintiffs. Here, MGM's requested condition fails on the second question, as it seeks discovery of facts and issues common to all class members. Under these facts, the Court finds that the Moving Plaintiffs desire to no longer litigate this case predominates over the alleged prejudice advanced

by MGM.  Accordingly, the Court GRANTS Plaintiffs' Motion for Voluntary Dismissal and dismisses William Fossett, Andrew Sedaghatpour, and Julie Mutsko without prejudice and without conditions.

**IV.        CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Voluntary Dismissal, (ECF No. 191), is **GRANTED**.  The Clerk of Court is kindly instructed to dismiss without prejudice William Fossett, Andrew Sedaghatpour, and Julie Mutsko from this action.

**DATED** this __2__ day of April, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT