# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: MGM RESORTS INTERNATIONAL DATA BREACH LITIGATION | Case No. 2:20-cv-00376-GMN-NJK<br><br>**Order**<br><br>[Docket Nos. 200, 211] |

Pending before the Court is Plaintiffs' motion to compel discovery. Docket No. 200. Defendant filed a response in opposition. Docket No. 206.[1] Plaintiffs filed a reply. Docket No. 208. Also pending before the Court is Plaintiffs' motion to compel discovery. Docket No. 211; *see also* Docket No. 212 (unredacted version). Defendant filed a response in opposition. Docket No. 217. Plaintiffs filed a reply. Docket No. 221. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, these motions to compel are **DENIED** without prejudice.

## I.     MEET AND CONFER

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration

---

[1] Defendant's response consists of its opposition brief and the submitted exhibits that were filed as a single document. Docket No. 206. Moving forward, counsel must ensure that they file each exhibit separately in compliance with Local Rule IC 2-2(a)(3)(A).

setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that the rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[2] Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). Significantly, the conferral must take place in person, by video, or by telephone; written correspondence is not enough. *E.g.*, Local Rule IA 1-3(f).

These motions to compel share the same overarching problem that the meet-and-confer is stale. Taking the motion to compel regarding the 2023 data breach discovery as an example, the actual video conference on the dispute took place last October. *See* Docket No. 200-1 at ¶ 7. The parties thereafter exchanged a number of written correspondences and the deposition topics were amended, *see id.* at ¶¶ 10-16, but the declaration attesting to the conferral process does not identify further in-person, video, or telephonic conferences, *see id.*; *see also* Docket No. 211-2 (declaration

---

[2] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

as to conferral efforts on second motion to compel).  Engaging in fresh personal conferral efforts is all the more important when the parties are lobbing competing accusations that the other side is not engaged in the process in good faith, *see, e.g.*, Docket No. 200 at 5; Docket No. 217 at 2, and are suggesting that further conferral efforts might be fruitful, *see, e.g.*, Docket No. 208 at 5. Moreover and significantly, it appears that for some of the issues in dispute that the circumstances have shifted since the initial conferral.  *See, e.g.*, Docket No. 217 at 10 n.3 (explaining that dispute may be moot in light of potential designation of individual testimony as constituting Rule 30(b)(6) testimony).  Additional in-person, video, or telephonic conferences "are generally required when the circumstances of a discovery dispute have evolved." *Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 355 n.7 (D. Nev. 2019).

Given the circumstances, these motions to compel are **DENIED** without prejudice so that fresh conferral efforts may be made in-person, by video, or by telephone.  With the many able attorneys on both sides of this case, the Court anticipates that reasonable compromises can be reached to resolve much (if not all) of the issues in dispute.

**II.     PRELIMINARY OBSERVATIONS**

While the Court will not rule on the pending disputes in these motions at this juncture, it will offer some preliminary observations in the hopes of aiding the upcoming conferral efforts.[3]

First, it is ultimately the burden of the party opposing discovery to justify its objections. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309-10 (D. Nev. 2019).  The briefing seems detached from that basic assignment of burden in several ways.[4]  As a notable example with respect to relevance of the discovery regarding the 2023 data breach, the Court has identified no meaningful argument from the defense as to how that information is not relevant to Plaintiffs' efforts to obtain

---

[3] The Court does not endeavor to address herein all of the issues arising in the current motion practice.

[4] For example, Defendant's arguments with respect to Requests for Production 43 to 45 consist essentially of assertions that Plaintiffs have not explained why they should get the discovery as written, *see* Docket No. 217 at 11-12, but such argument seems to be inapposite given that it is Defendant's burden to show in meaningful fashion that its objections to the discovery should be sustained.

injunctive relief.⁵  Defendant instead appears to argue the <u>merits</u> of whether Plaintiffs will obtain injunctive relief, but that is not the issue currently before the Court in analyzing relevance for discovery purposes.  *See Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 511 (D. Nev. 2020); *see also PlayUp, Inc. v. Mintas*, 2024 WL 1285670, at *4 n.7 (D. Nev. Mar. 25, 2024); *Kiessling v. Rader*, 2017 WL 11310113, at *3 (D. Nev. Feb. 17, 2017).  Hence, it is not clear that there is any legally viable articulation from Defendant as to why information regarding the 2023 data breach is irrelevant to this case.

      Second, a "proportionality" objection is keyed to a number of different considerations: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Rather than directly addressing these factors, Defendant's proportionality argument focuses on the purported burden of complying with the discovery requests.  *See* Docket No. 206 at 6.⁶  Plaintiffs similarly focus on their own relatively vague assertions regarding the burden of compliance without meaningfully addressing the other pertinent considerations.  *See* Docket No. 208 at 5.  If a dispute truly turns on the proportionality of discovery, then the parties must each provide meaningful discussion of the pertinent considerations.  *See* Fed. R. Civ. P. 26(b)(1), Advisory Committee Notes (2015) (making clear that the proportionality analysis requires input from both sides).

      Third, it is not clear that the parties have fully thought through the implications of their positions.  As an example for Plaintiffs, they argue that information can be deemed relevant and discoverable because it might bear on consolidation issues, Docket No. 200 at 9, but they fail to

---

⁵ The Court does note that Plaintiffs' briefing is supported by case law in the prison lockdown context without explanation as to why case law regarding continued governmental action should translate into a finding of relevance with respect to the injunctive relief sought in this case.  *See* Docket No. 200 at 8-9.

⁶ Defendant does not couch its objection as a stand-alone undue burden argument worthy of a protective order.  *See* Fed. R. Civ. P. 26(c)(1).  Even if it has been presented in that manner, however, the Court also notes that the showing of an undue burden is lacking in that it consists of the argument of counsel without any supporting declaration or other evidentiary basis.  *But see, e.g.*, *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529 (D. Nev. 1997).

explain why duplicative discovery should be ordered to determine whether consolidation would, *inter alia*, prevent duplicative discovery, *see, e.g.*, *Gunderson v. Klondex Mines Ltd.*, 2018 WL 6620875, at *2 (D. Nev. Dec. 18, 2018). On the other hand, Defendant argues that there is a significant burden in collecting and producing discovery in this case regarding the 2023 data breach, Docket No. 206 at 6, but it also acknowledges that the same discovery will need to be completed in other cases, *id.* at 3. No explanation is presented as to a burden of providing discovery in this case that will also be produced in other cases at any rate. *Cf. Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) ("This court strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation. Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery" (citations omitted)).

Fourth and finally, parties are supposed to present discovery disputes to the Court "only in extraordinary situations that implicate truly significant interests." *Convergent Technologies*, 108 F.R.D. at 331. And, yet, the briefing that has been filed is often cursory in nature and devoid of meaningfully developed argument supported by legal research and citation to case law addressing the specific issue in dispute. *See, e.g.*, Docket No. 206 at 5-6 (opposition brief containing two pages of actual argument that includes zero legal citations). If these motions really do present important issues, then counsel must treat it as such and properly present their arguments to the Court with fulsome discussion. *E.g.*, *On Demand Direct Response, LLC v. McCart-Pollak*, 2018 WL 2014067, at *1 n.2 (D. Nev. Apr. 30, 2018).[7]

### III. CONCLUSION

For the reasons discussed above, these motions to compel are **DENIED** without prejudice. The parties must reengage in conferral efforts that are in-person, by video, or by telephone. This discussion must be fulsome and be conducted in the spirit of cooperation that is required. In the

---

[7] The papers reference additional contemplated motion practice on the same discovery already before the Court. *See* Docket No. 217 at 10 n.4. If a particular deposition is in dispute in motion practice filed with the Court, it would seem that all disputes regarding that particular deposition must be presented at the same time to avoid piecemeal litigation.

unlikely event that compromise cannot be reached, any renewed motion practice on these discovery disputes must be brought promptly thereafter.

IT IS SO ORDERED.

Dated: May 8, 2024

_____
Nancy J. Koppe
United States Magistrate Judge